## (May 15, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH KENNETH MORGAN, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered June 11, 1979, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and robbery in the first degree. On August 18, 1978, the defendant was indicted for criminal possession of a controlled substance in the first degree, a class AI felony, and one count of criminal possession of marihuana in the second degree, a class D felony. Following his arraignment on this indictment on August 24, 1978, to which defendant entered a plea of not guilty, he was released on $25,000 bail. Subsequently, on March 23, 1979, the defendant was indicted for robbery in the first degree, in two counts (class B felonies), which were allegedly committed while the defendant was on bail pending trial of his prior offenses. Prior to June 11, 1979, the trial date set for the indictment for robbery, the defendant's competent and capable retained attorneys commenced negotiations with the District Attorney's office for a bargained plea in satisfaction of both indictments. The District Attorney's office required a plea to one count of robbery in the first degree on the second indictment and a reduced plea to criminal possession of a controlled substance in the third degree plus a waiver of a suppression issue that was pending in connection with the first indictment. In return, the District Attorney's office would recommend sentences of one year to life on the first indictment and 5 to 15 years on the second, the sentences to run consecutively. This offer was fully explained to the defendant as an affidavit signed by the defendant and prepared by his attorneys attests. On June 11, 1979, the date scheduled for trial on the robbery charges, the defendant informed the court he wished to plead guilty. The prosecutor set forth the prior negotiations on the record and the defendant detailed his participation in the crimes, the voluntariness of his plea and his waiver of a jury trial thereby. In the colloquy with the court, the defendant admitted certain details of the robbery, but denied active participation with intent to forcibly steal. The defendant indicated, however, that he wished to plead. The court, however, refused to accept it, as did the prosecution who urged the case to proceed to trial.The defendant and his attorneys then retired to the privacy of a room for consultation and thereafter the defendant returned to court and admitted his full participation in Count No. 1 of the robbery indictment; that he had discussed the plea with his attorneys; that he realized the maximum that could be imposed and he desired to plead guilty. Upon doing so, he was sentenced to a term of one year to life on the first indictment and 5 to 15 years on the

second. The sentences, however, were ordered to be served concurrently, an additional benefit to the defendant who bargained for consecutive sentences. The defendant's contention now that he was denied effective representation of counsel; that his plea of guilty to robbery should not have been accepted since the defendant disclosed facts inconsistent with such plea; that the sentence imposed was excessive and should be vacated; all lack merit or factual substantiation *(People v Nixon,* 21 NY2d 338; *People v St. Mary,* 55 AD2d 968). Judgment affirmed. Sweeney, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.